**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

TIM AXELSON, ADC #97108      *
     *
          Plaintiff,      *
v.      *
     *      No. 5:12CV00339-SWW-JJV
CORIZON MEDICAL SERVICES      *
INC.; *et al.,*      *
     *
          Defendants.      *

### PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

## I.      INTRODUCTION

While an inmate of the Arkansas Department of Corrections ("ADC"), Plaintiff Tim Axelson filed a *pro se* Complaint (Doc. 2) pursuant to 42 U.S.C. § 1983. He alleges that Defendants were deliberately indifferent to his serious medical needs while he was incarcerated at the ADC Varner Unit. Defendants Banks, Hobbs, and Kelley ("Defendants") filed a Motion for Summary Judgment (Doc. No. 113).  Plaintiff filed a Response (Doc. No. 121) and Defendants replied to his Response (Doc. 123). The Motion is now ripe for disposition. After careful review of the pleadings and for the reasons set forth below, the Court finds that Defendants' Motion should be GRANTED.

## II.     UNDISPUTED FACTS

On August 31, 2012, Plaintiff brought this action against Defendants in their official and individual capacities (Doc. No. 114 ¶ 1). He alleges Defendants were deliberately indifferent to his medical needs, described as "bleeding concerns" and "foot problems" (*Id.*). His bleeding is from hemorrhoids which he alleges were not adequately treated by prison medical staff (Doc. No. 2 at 14-28). And Plaintiff alleges that Defendants failed to provide him with properly fitting shoes and

insoles to support his "splitting arches" (*Id*. at 42-55).

Defendants do not possess formal medical training[1] (Doc. No. 114 ¶ 7-9) and they did not personally provide medical care to Plaintiff (*Id*. ¶ 16-18).   Accordingly, Plaintiff seeks to hold Defendants liable based solely upon their supervisory authority (Doc. No. 114 ¶ 2-4).

## III.    SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  FED. R. CIV. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986).  When ruling on a motion for summary judgment, the Court must view the evidence in a light most favorable to the nonmoving party.  *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002).   The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial.  *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007).   The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy.  *Id.* (citations omitted).  A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case.  *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment.  *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

---

[1]The Court notes that Plaintiff named several medical personnel affiliated with Corizon Medical Services, Inc. in his original Complaint (Doc. No. 2 at 7). Those Defendants filed a separate Motion for Summary Judgment (Doc. No. 116).

IV.    **ANALYSIS**

Defendants advance several arguments as to why Plaintiff's claims against them should be dismissed. They are, in the order they appear, that: (1) Plaintiff failed to exhaust his administrative remedies against Defendants Hobbs and Banks; (2) Defendants were not deliberately indifferent to Plaintiff's medical needs; (3) a § 1983 suit based upon a theory of respondeat superior necessarily fails; (4) Defendants are entitled to qualified immunity on Plaintiff's individual capacity claims; and (5) Plaintiff's official capacity claims against Defendants are barred by sovereign immunity.  (Doc. No. 113.)

A.    **Failure to Exhaust Administrative Remedies**

The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002).  Exhaustion under the PLRA is mandatory. *Jones*, 549 U.S. at 211.  The PLRA's exhaustion requirement applies to all inmate suits about prison life whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  "[T]o properly exhaust administrative remedies, prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,' rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones*, 549 U.S. at 218 (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)).  Compliance with a prison's grievance procedures is, therefore, all that is required by the PLRA to properly exhaust.  *Id.*  Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy.  *See id*. at 218.

Defendants argue that Plaintiff, in failing to name Defendants Hobbs and Banks in his

4

grievances, has failed to exhaust his administrative remedies with regard to them. Plaintiff, per his Response, argues that he failed to name Hobbs and Banks because their involvement was so obvious he felt it unnecessary to do so. The Court cannot agree. ADC procedure requires an inmate to specifically name each individual involved in an incident. While this circuit has held that failure to specifically name an individual in a grievance is not always fatal to exhaustion, there must still exist some content in the body of a grievance to put the reviewing official on notice. To hold otherwise would be to undermine one of the primary purposes of the ADC grievance policy - the ability to identify issues (and the individuals involved) and, ideally, find resolution before litigation is required.

Plaintiff has not identified any grievance in which he named Defendant Hobbs or Banks. Nor has he identified any grievance in which their involvement could be inferred. It is insufficient that Plaintiff thinks their involvement is obvious. The Court therefore finds that summary judgment and dismissal of Plaintiff's claims against Defendants Hobbs and Banks is appropriate.

**B.     Deliberate Indifference**

The Eighth Amendment, which applies to the States through the Due Process Clause of the Fourteenth Amendment, prohibits the infliction of "cruel and unusual punishments" on those convicted of crimes. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). Deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (deliberate indifference includes intentional interference with prescribed treatment; inadvertent or negligent failure to provide adequate medical care cannot be said to constitute "unnecessary and wanton infliction of pain").

Plaintiff alleged that each of the Defendants was aware he required medical care and each

acted with deliberate indifference in failing to help him secure it (Doc. Nos. 2 at 4-7; 121 at 8). Defendants argue that Plaintiff has failed to specifically allege any acts or failures to act which would establish deliberate indifference. The Court agrees. Supervisory liability is limited in § 1983 actions, and a supervisor cannot be held liable on a theory of respondeat superior for his or her employee's alleged unconstitutional actions. *See White v. Holmes*, 21 F.3d 277, 280 (8th Cir. 1994). A supervisor incurs liability only when personally involved in the constitutional violation or when his corrective inaction constitutes deliberate indifference toward the violation. *Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993). Plaintiff does not allege the personal involvement of any of the Defendants in his medical care. but he argues that "grievances, letters, requests for interviews and word of mouth" (Doc. No. 121 ¶ 5) ought to have put the them on notice. Nothing in the record substantiates this claim. Moreover, Defendants are correct in stating that the denial of grievances does not create a substantive, constitutional claim.

What remains, then, are Plaintiff's conclusory allegations that Defendants, by virtue of their positions, were aware of and condoned his alleged inadequate treatment (Doc. Nos. 2 at 71; 121 at 8-11). These conclusory allegations are insufficient. While the evidence at summary judgment is examined in the light most favorable to the non-moving party, a simple restatement of conclusory allegations will not serve to create a genuine issue of material fact. The Court therefore finds that Defendants are entitled to summary judgment as a matter of law on Plaintiff's deliberate indifference claims against them.

## C.    Qualified Immunity

Defendants further argue they are entitled to qualified immunity. Qualified immunity protects officials who acted in an objectively reasonable manner and shields a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional

rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a question of fact. *McClendon v. Story County Sheriff's Office*, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (the privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

To determine whether defendants are entitled to qualified immunity, courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *see also Saucier v. Katz*, 533 U.S. 194, 201 (2001).[2] Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative. *Nelson v. Correctional Medical Services*, 583 F.3d 522, 528 (8th Cir. 2009).

As stated above, the facts alleged, construed in a light most favorable to the Plaintiff, fail to establish the violation of a constitutional or statutory right. The Defendants are therefore entitled to qualified immunity.

**D.     Sovereign Immunity**

Plaintiff's monetary claims against Defendants in their official capacities are barred by sovereign immunity. The Supreme Court has made clear that a suable "person" under 42 U.S.C.

---

[2]Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Nelson v. Correctional Medical Services*, 583 F.3d 522, 528 (8th Cir. 2009) (quoting *Pearson v. Callahan*, 555 U.S. at 236).

§ 1983 does not include a state, a state agency, or a state official sued in their official capacity for

damages. *Will v. Michigan Department of State Police,* 491 U.S. 58 (1989).   Each of these

Defendants is indisputably a state official.

## IV.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.    Defendants' Motion for Summary Judgment (Doc. No. 113) be GRANTED.

2.    Plaintiff's claims against Defendants Hobbs and Banks be dismissed without

prejudice for failure to exhaust administrative remedies.

3.    Plaintiff's claims against Defendant Kelley be dismissed with prejudice.

4.    The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis*

appeal from an Order adopting these recommendations and the accompanying Judgment would not

be taken in good faith.

IT IS SO ORDERED this 16th day of April, 2014.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE